Opinion for the court filed by Circuit Judge DYK. Opinion concurring in part and dissenting in part filed by Circuit Judge PLAGER.
ON PETITION FOR REHEARING
DYK, Circuit Judge.
Plaintiffs-Appellants, Ashburn Bywaters et al. (“appellants”), petition for rehearing of our March 1, 2012, decision in Bywaters v. United States, 670 F.3d 1221 (Fed.Cir.2012). In that decision we vacated the district court’s award of attorneys’ fees and remanded for further consideration. Among other things, we held that “absent unusual circumstances,” a district court may not adjust the lodestar figure upwards or downwards to account for the “amount involved and results obtained.” Id. at 1230. However, we also held that “it is legitimate to consider the 'amount involved and results obtained’ in determining a reasonable attorney fee award” by “considering] this factor when determining the reasonable number of hours expended and the reasonable hourly rates of the attorneys.” Id. at 1231.
In their petition for rehearing, appellants urge that this aspect of our decision in By waters endorses the use of a strict proportionality test in calculating the lodestar figure. Appellants misread our decision. The fee-shifting provisions of the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970 (“URA”), 42 U.S.C, § 4654, allow for recovery of attorneys’ fees adequate to permit people with small takings claims to vindicate their rights with the assistance of competent counsel. We in no way implied that attorneys’ fees would not be available because of the small amount of the claim. Rather, we held that in determining the reasonable number of hours expended and the reasonable hourly rate, the district court should consider the “amount in *1296 volved” in the case as well as other factors bearing on reasonableness, such as the fact that litigation of these types of disputes serves a greater purpose (vindicating constitutionally protected property rights).
Just as “a district court is not free to mechanically adjust the lodestar figure downward based on [the amount involved and results obtained],” id. (citing City of Riverside v. Rivera, 477 U.S. 561, 568-69, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986)), so too a district court cannot reduce the number of hours expended or the hourly rate in calculating the lodestar figure using such a mechanical approach, see Kassim v. City of Schenectady, 415 F.3d 246, 251-52 (2d Cir.2005) (holding that a district court may not mechanically reduce the number of hours requested based upon “the belief that the claimed hours were simply disproportionate [to the amount involved], without regard to the reasonableness of the attorney’s expenditure of time in responding to the particular circumstances” (emphasis added)). Nonetheless, the “amount involved and results obtained” is a factor to be considered in the reasonableness analysis. See Bywaters, 670 F.3d at 1232 & n. 8.
The petition for rehearing is denied.